Mervin **WITHERS**, Plaintiff,

v.

**H.R. EVELAND, d/b/a/ Imperial Company,** Defendant.

**C.A. No. 3:97CV140.**

United States District Court, E.D. Virginia, Richmond Division.

March 5, 1998.

Dale Wood Pittman, Petersburg, VA, for Mervin Withers, plaintiff.

H.R. Eveland, Tulsa, OK, defendant pro se.

*MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on Plaintiff Mervin Withers' Motion For Attorney's Fees. Defendant H.R. Eveland has failed to respond to the motion. For the reasons which follow, the Court will GRANT the Motion.

### I.

On February 26, 1997, Plaintiff Mervin Withers filed a Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by Defendant H.R. Eveland. Defendant filed his Answer on April 15, 1997. On July 11, 1997, Plaintiff filed a Motion For Summary Judgment to which Defendant did not respond. On August 28, 1997, the Court granted Plaintiff's Motion For Summary Judgment and provided fifteen (15) days within which Plaintiff could submit appropriate documentation to support his claim for counsel fees. On September 11, 1997, Plaintiff filed the instant Motion For Attorney's Fees with supporting affidavits and exhibits. Defendant did not file a response.

### II.

▓ The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, mandates the payment of attorneys' fees to a successful consumer. *See* § 1692k(a)(3); *see* also *Carroll v. Wolpoff & Abramson,* 53 F.3d 626, 628 (4th Cir.1995) ("... the fee award under § 1692k is mandatory in all but the most unusual circumstances...."). As noted previously, the Court granted summary judgment in Plaintiff's favor on all counts of the Complaint. Thus, Plaintiff is entitled to be reimbursed for his reasonable legal expenses.

In order to estimate the value of the legal services rendered to Plaintiff in this matter, the Court must first calculate the "lodestar" figure—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Student Public Interest Research Group v. AT & T Bell Laboratories,* 842 F.2d 1436, 1441 (3d Cir.1988). The Court must then consider the following factors as specified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (1974):

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the skill requisite to perform the legal services properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee in the community;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount of time involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

▓ Applying the foregoing principles to the instant case, the Court accepts the representation of Plaintiff's counsel that he has expended 26.9 hours on this case at a rate of $200.00 per hour for a total fee request of $5,380.00. Affidavit of Dale W. Pittman ¶¶ 20–22. Any adjustment of this "lodestar"

figure will be dependent on the Court's findings with respect to the *Johnson* factors.

Counsel for Plaintiff concedes that he has devoted a "modest" amount of time to this case due to his experience in consumer protection litigation. The Court notes, however, that counsel is a solo practitioner who performs the majority of his own work. Furthermore, although the resolution of whether Defendant's dunning letter violated the FDCPA did not involve any novel or difficult legal questions, the Court also notes that there are very few attorneys who specialize in litigating Consumer Credit Protection Act cases and that counsel for Plaintiff has a statewide reputation in this field. With respect to the amount of the actual fee request, the Court is satisfied that it is within the prevailing market range for attorneys of similar experience involved in this type of representation. Accordingly, the Court finds that Plaintiff is entitled to be reimbursed for his legal expenses and costs [1].

### III.

Based on the foregoing, the Court will award reasonable attorneys' fees to Plaintiff in the amount of $5,380.00. The Court will also award costs to Plaintiff in the amount of $225.00.

---

**1.** Plaintiff's request for costs is itemized as $150.00 for the filing fee and $75.00 for the service of the Summons and Complaint.